UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**THOMAS J. DULL, (#17900084)**

Petitioner,

v.  CIVIL ACTION No. 2:19cv164

**MARK J. BOLSTER,**
**Warden, F.C.C. Petersburg (Low),**

Respondent.

**REPORT AND RECOMMENDATION**

Petitioner Thomas J. Dull ("Dull") brings this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 alleging that the Bureau of Prisons ("BOP") failed to properly recalculate his sentence and award good conduct time in accordance with a provision of the First Step Act. The Government filed a Motion to Dismiss the Petition, (ECF No. 7), with the required notice to pro se plaintiffs under Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) (ECF No. 9). Dull did not respond. For the reasons below, the undersigned recommends that the court GRANT Respondent's motion and DISMISS the Petition.

### I. Statement of the Case

#### A. Overview of the First Step Act

Section 102(b) of the First Step Act amends 18 U.S.C. § 3624(b)(1) by changing the calculation scheme for good conduct time. Pub. L. No. 115-391 § 102(b). The amendment's good time credit calculation method allows for a maximum of 54 days per year served, compared to the old method's maximum of 47 days. Id. This grants inmates the opportunity to earn more good

1

conduct time while serving their sentences. Section 101(a) of the Act mandates that the Attorney General conduct a risk and needs assessment of implementing the new system. Section 102(b)(2) allows the BOP to delay its implementation of § 102(b)'s amendments, which include the changes to good time calculation, until 180 days after the completion of an assessment by the Attorney General. Id. § 102(a)(h)(1).

**B. Factual Background**

Dull is currently serving a 92-month sentence at FCC Petersburg, with a release date pf May 27, 2020. (ECF No. 1.) Dull filed a fill-in-the-blank form petition[1] on April 4, 2019, alleging that the BOP failed to recalculate his sentence and award him good conduct time in compliance with Section 102(b) of the First Step Act, which changed the manner in which good time credit was calculated from 47 days to 54 days per year. (ECF No. 1.) The Government filed a Motion to Dismiss the Petition on July 15, 2019. (ECF No. 7.) The Government contends that Section 102(b) of The First Step Act had not yet taken effect at the time of Dull's Petition, and therefore the matter is not ripe for the court's review. Mem. Supp. Mot. to Dismiss (ECF No. 8, at 5-6.) Additionally, the Government contends that Dull would not suffer any hardship should he be made to wait for the effective date of the Act, as he is scheduled for release almost ten months after the effective date of the Act and is only owed 7 days of good conduct time under the Act's amendments. Id. at 6. Finally, the Government contends that Dull has failed to pursue any administrative remedies to his issue and therefore failed to exhaust his administrative remedies prior to filing for habeas relief. Id. at 7-9.

---

[1] Several inmates brought the same premature challenge in this district, using a nearly identical form document.

2

## II. <u>Recommended Conclusions of Law</u>

**A. Section 102's Effective Date**

Section 102(b) of the First Step Act allows the BOP to delay entering the amendment of 18 U.S.C. § 3624(b)(1), including the altered calculation of good conduct time, until 180 days after the Attorney General completes a Risk and Needs Assessment, due no later than July 19, 2019. Pub. L. No. 115-391 § 102(b). As Dull filed his Petition on March 21, 2019, the BOP had not had the opportunity to implement the policy changes brought by the Act's amendments. Pet. at 1. Federal courts only have jurisdiction to adjudicate actual ongoing cases or controversies, and at the time of this Petition the provision in question was not effective. <u>Lewis v. Cont'l Bank Corp.</u>, 494 U.S. 474, 477 (1990) ("Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies."). Therefore, this matter was not ripe for review, and this court lacked jurisdiction to force the BOP to prematurely implement the amendments laid out in the First Step Act.

Dull acknowledges the language of Section 102(b)(2), but he alleges that subsection 102(1)(A) possesses its own instruction that modifies an existing requirement for the BOP's duty to calculate good time. Pet. at 2 ("While this date does exist in the law, (b)(1)(A) contains its own instruction."). According to Dull, "[t]he BOP's current interpretation essentially nullifies the entire first clause for any offender who will be released before the BOP creates this new system." Pet. at 2. This reading is contradicted by the plain language of subsection 102(b). Which expressly provides "The amendments made by this subsection shall take effect beginning on the date that the Attorney General completes and releases the risk and needs assessment." § 102(b)(2)

Dull asserts that if he is made to wait until the effective date of the relevant provision to recalculate his sentence, he will be released prior to receiving the good conduct time intended by

Congress. Id. However, since filing this Petition, Dull received his revised good time calculation on the effective date of the Act. He remains incarcerated at this time, but his release date is now April 4, 2020. Thus his petition, not ripe when commenced, has been rendered moot by the recalculation of his sentence under the Act.

### B. Exhaustion of Administrative Remedies

Ordinarily, federal prisoners must exhaust their administrative remedies prior to filing federal habeas petitions. McClung v. Shearin, 90 F. App'x 444, 445 (4th Cir. 2004) (unpublished per curiam opinion); see also Timms v. Johns, 627 F.3d 525, 530-31 (4th Cir. 2010); Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). Administrative exhaustion serves two main purposes. First, it "protects "administrative agency authority"." Woodford v. Ngo, 548 U.S. 81, 89 (2006) (quoting McCarthy v. Madigan, 503 U.S. 140, 145 (1992)). Requiring exhaustion ensures that agencies have an opportunity to correct mistakes in their own programs and promotes adherence to agency procedure. See id. Second, because "[c]laims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court," exhaustion preserves judicial efficiency. Id.

Procedural default may arise if an inmate seeking federal habeas relief cannot properly exhaust his or her administrative remedies due to agency rules (such as time limits for filing appeals). See McClung, 90 F. App'x at 445-46; Moscato, 98 F.3d at 760. Prisoners can overcome procedural default only on a showing of cause and prejudice. McClung, 90 F. App'x at 445. Because the exhaustion requirement in § 2241 is judicially imposed, however, courts may excuse it when pursuit of administrative remedies would be futile. See Larue v. Adams, No. 1:04-cv-396, 2006 WL 1674487, at *8 (S.D.W. Va. June 12, 2006) (noting widespread recognition of "futility" exception and suggesting that Fourth Circuit precedent supports it).

4

Dull did not attempt to pursue any administrative remedy, stating in his Petition that such attempts would be futile and claiming that he could not afford the delay to litigate the process fully. (ECF No. 1, at 2.) As noted, however, the time of filing this Petition, Dull was not set for release until May 27, 2020. Because of this, Dull had a suitable amount of time to pursue administrative remedies prior to filing this Petition, and it would not have been futile to do so as evidenced by the fact that his GCT was recalculated prior to disposition of this pending habeas action. Dull's failure to exhaust his administrative remedies provides an alternative basis on which the court should dismiss his petition.

### III. Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends the court GRANT the Respondent's motion to dismiss, (ECF No. 7), and DISMISS the Petition without prejudice for lack of jurisdiction.

### IV. Review Procedure

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6 (a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an additional three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

November 7, 2019

## Clerk's Mailing Certificate

A copy of the foregoing Report and Recommendation was mailed this date to:

**Thomas J. Dull**
#17900084
Federal Correctional Complex
Petersburg Low
P.O. Box 1000
Petersburg, VA 23804

and an electronic copy was provided to:

**Garry D. Hartlieb**
United States Attorney Office - Norfolk
101 W Main St
Suite 8000
Norfolk, VA 23510

Fernando Galindo, Clerk

By _____
Deputy Clerk

November 7, 2019